**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | |
|---|---|
| **KATRINA MAXWELL,** | |
| Plaintiff**,** | CIVIL ACTION FILE NO.: |
| **vs.** | _____ |
| **POAG SHOPPING CENTERS, LLC** | **JURY TRIAL DEMANDED** |
| Defendant**.** | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Katrina Maxwell (hereinafter "Plaintiff"), in her Complaint against Defendant Poag Shopping Centers, LLC (hereinafter "Poag Shopping Centers" or "Defendant"), showing the Court as follows:

1.

This is an action arising out of the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. §§201–16; the Civil Rights Act of 1964, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 ("Civil Rights Act"); and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 *et seq*.

1

## **PARTIES**

2.

Plaintiff is a resident of the state of Georgia who lives at 10042 Crystal Terrace, Jonesboro, Georgia 30238. Plaintiff is a former employee of Poag Shopping Centers, which was Plaintiff's FLSA, Civil Rights Act, and COBRA employer from May 15, 2016 to January 3, 2017.

3.

Defendant Poag Shopping Centers, LLC is a for-profit Delaware corporation that develops, leases, markets, and manages commercial retail properties in Georgia and throughout the United States.

4.

Defendant does business in this district, and many of the harms alleged occurred in this district, via an office located in this district.

5.

Defendant is subject to actions of this kind and nature and may be served through its registered agent, National Registered Agents, Inc., at 289 S. Culver St., Lawrenceville, Georgia 30046, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

### 6.

This Court has subject matter jurisdiction over Plaintiff's claims, based upon Plaintiff's FLSA, Title VII, and COBRA allegations pursuant to 28 U.S.C. § 1331 and § 1337. Venue is proper under 28 U.S.C. § 1391(b) and (c).

## FACTS

### 7.

Plaintiff initially worked at Defendant's location as a temporary worker. Defendant told Plaintiff in May 2016 that she was "the best person for the job" and that she "got more done than" than prior administrative assistants. As a result, Plaintiff was hired by Poag Shopping Centers on or about May 15, 2016 as an Administrative Assistant and Marketing Assistant.

### 8.

Plaintiff was paid a bi-weekly salary equating to an annual amount of $36,499.92 from May 15, 2016 through November 14, 2016.

### 9.

From November 15, 2016 to January 3, 2017, the Plaintiff was paid an hourly rate of $17.55 per hour, and was to be paid the overtime premium for hours worked over forty (40) per week, if any.

10.

From the commencement of Plaintiff's employment on May 15, 2016 and throughout her employment, but in particular through November 15, 2016, Plaintiff worked an average of approximately sixty (60) hours each week, and for many weeks, Plaintiff worked well in excess of sixty (60) hours a week.

11.

From May 15, 2016 through November 15, 2016, Defendant improperly classified Plaintiff as an employee that was "exempt" from overtime eligibility and failed to pay Plaintiff the statutorily-mandated overtime premium of time and one-half for hours worked in excess of forty (40) hours in a given week.  Defendant's misclassification of Plaintiff was willful and Defendant was aware of its obligations under the FLSA and aware of Plaintiff's job duties, but willfully violated the FLSA.

12.

Plaintiff's primary work was focused on prescribed, nondiscretionary tasks, such as the generation of various reports from pre-set data, overseeing tenant and utility accounts, processing mail, collecting rent, etc.  Her job duties did not fall into any of the statutory exceptions that would allow for Defendant to treat her exempt from the FLSA.

13.

After Plaintiff was hired, and in or about late May 2016, Plaintiff was placed under the supervision of new General Manager Vickie Bock, a Caucasian female. Plaintiff is an African-American female.  In June 2016, Plaintiff filed internal complaints with Defendant's human resources department regarding Vickie Bock. Plaintiff complained that Ms. Bock was being excessively rude and condescending to Plaintiff. Plaintiff believed that this animus was racially motivated and expressed as much to the human resources department and members of Defendant's management team, including Dean Shauger, Suzanne Gibson, and Tammy Haley.

14.

Following Plaintiff's complaints of racial discrimination, Ms. Bock's aggressive behavior towards Plaintiff increased after her initial report to management.

15.

On June 27, 2016, Ms. Bock told Plaintiff that she was "dumb," "stupid," "unprofessional," and that Plaintiff "wouldn't last long in this environment." Ms. Bock also stated that she did not want to work with Plaintiff and said that "you people are all unprofessional and rude." Plaintiff asked Ms. Bock what she meant by

her statements.  Ms. Bock refused to clarify and instead reiterated her previous statements.

16.

On July 5, 2016, Ms. Bock spoke with Plaintiff regarding the confrontation that occurred on June 27, 2016. Ms. Bock asked whether Plaintiff had taken a drug test since she began working for Defendant. Plaintiff responded that she had not. Ms. Bock instructed Plaintiff to take a drug test.

17.

After this conversation with Ms. Bock, Plaintiff contacted Suzanne Gibson and informed her of what had occurred. Plaintiff told Ms. Gibson that she believed that Ms. Bock was treating her differently than she treated employees who were not African-American.

18.

After her reports of discrimination to upper management, Plaintiff began to notice significant, retaliatory changes in the way she was treated by Defendant's management team.   For example, communications to Plaintiff dropped off sharply, inhibiting her ability to perform her work responsibilities.  Further, Plaintiff's access to the tenant files was restricted.  Plaintiff was no longer able to view tenant

files without a manager present, which was a sharp departure from previous office practices.

19.

On or about November 8, 2016, Plaintiff was told that that Defendant had completed its investigation into her complaints and did not accept her complaints. Plaintiff objected to and opposed Defendant's finding.  Defendant also immediately told Plaintiff that her prior request for a salary increase was denied, and that she was being demoted as part of restructuring and that certain of Plaintiff's duties were being taken away.  Further, on or about November 15, Plaintiff's net pay was cut after Plaintiff was put on a new hourly rate pay scale.   Plaintiff objected to and opposed these actions.  These actions were retaliatory and taken as a result of Plaintiff's statutorily protected conduct.

20.

However, in the same meeting/call on November 8, 2016, Defendant's Vice President Dean Schauger told Plaintiff that she was being paid a bonus of $2,500 because of the "great work and great job [she] had been doing" and that Mr. Schauger "really appreciated the work [she] had been doing."   This fact proves that Defendant's adverse actions (those listed above and below) against Plaintiff were motivated by retaliation, and any subsequent explanation by Defendant that

7

faults Plaintiff's performance is a pretext for retaliation. Plaintiff was never given any warnings or disciplinary notices by Defendant regarding any of her job performance.

21.

On December 23, 2016, Plaintiff's group health and dental insurance coverage, provided to Plaintiff by Defendant as a benefit of her employment, was cancelled at the request of Defendant and without notice or explanation to Plaintiff.

22.

Defendant terminated Plaintiff's employment on January 3, 2017 without warning. Plaintiff was told vaguely that she was being terminated for "not meeting standards," which was a pretext for retaliation. Plaintiff's termination resulted from Plaintiff's prior complaints of racial discrimination and Plaintiff's prior opposition conduct.

23.

At both the time of the termination of her health and dental insurance coverage and the time of the termination of her employment, Defendant failed to provide insurer BlueCross BlueShield ("BlueCross") with notice of the qualifying event notice within thirty (30) days of the qualifying event. As a result, BlueCross never sent Plaintiff any continuing coverage notice.

8

24.

As a result of Defendant's failure to send the required qualifying event notice to BlueCross, Plaintiff was unable to elect to continue coverage and was uninsured following the termination of her employment.

25.

On May 7, 2017, Plaintiff was involved in a serious automobile accident and suffered injuries as a result of this accident. As a result of not having insurance coverage at the time of the accident, Plaintiff incurred medical bills that she was forced to pay out-of-pocket.

26.

Following the accident, Plaintiff contacted both Defendant and BlueCross in order to remedy the situation and to obtain COBRA coverage. Plaintiff received no substantive response from Defendant, and BlueCross told Plaintiff that Defendant would have to authorize and send certain required information to BlueCross before any continuation coverage could be offered to her.  Defendant did not do this.

27.

Plaintiff subsequently retained counsel, who sought full compensation under COBRA.  As of the date of this filing, Defendant has not offered to pay or paid full compensation under COBRA.

## COUNT ONE — FLSA VIOLATION

### 28.

Plaintiff realleges the above paragraphs and herein incorporates them by reference to this count.

### 29.

Defendant is an employer under the FLSA, 29 U.S.C. § 203.

### 30.

Plaintiff was an employee covered by the FLSA and entitled to the overtime protections set forth in 29 U.S.C. § 207(a).

### 31.

Defendant's actions, as stated above, constitute a violation of the FLSA, 29 U.S.C. § 207, requiring payment at a rate of time and one half for all hours worked over forty (40) in a given week, and a violation of the regulations promulgated thereunder by the Department of Labor.

### 32.

Defendants willfully failed to pay Plaintiff at one and one-half times her regular rate for work in excess of forty hours in any week.

33.

Pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff in the amount of her unpaid wages/overtime, an additional amount as liquidated damages, and her reasonable attorney's fees and costs of this action.

## COUNT TWO — 42 U.S.C. 1981 AND TITLE VII RETALIATION

34.

Plaintiff realleges the above paragraphs and herein incorporates them by reference to this count.

35.

Defendant is an employer within the meaning of Section 1981, which applies to all private, state and local government employers.  Further, Plaintiff has made a timely filing(s) with the EEOC and has received a Right to Sue letter from the EEOC, and files this complaint within ninety (90) days of same.

36.

Plaintiff engaged in protected conduct during her employment.

37.

Plaintiff subsequently experienced temporally proximate adverse employment actions.

38.

Defendant retaliated against Plaintiff because Plaintiff engaged in statutorily protected activity. This conduct is prohibited by 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, and by Title VII of the Civil Rights Act of 1964.

39.

Defendant knew that federal law prohibits discrimination, and willfully and/or recklessly disregarded Plaintiff's federally protected rights in its termination of Plaintiff.

40.

Due to Defendant's unlawful actions, Plaintiff was injured and is therefore entitled to punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay, attorney's fees, costs, and further relief in an amount to be determined at trial.

## COUNT THREE — COBRA VIOLATION

41.

Plaintiff realleges the above paragraphs and herein incorporates them by reference to this count.

42.

Defendant is subject to COBRA's requirements. Defendant is a private sector employer that employed twenty (20) or more full-time equivalent employees during the previous calendar year.

43.

Plaintiff was a covered employee and participated in Defendant's COBRA covered health and dental plan on the day preceding the qualifying event. Plaintiff was also a covered beneficiary under Defendant's covered health and dental plan.

44.

COBRA requires that Defendant offer Plaintiff continued coverage extending the group health and dental plan for at least eighteen months past the date of the qualifying event. 29 U.S.C. § 1162(2)(A)(i). In addition to requiring that Plaintiff be given the option to extend coverage, COBRA also mandates that the employer of an employee who is covered by a group health care plan must notify the plan administrator of a qualifying event within thirty (30) days of that event. 29 U.S.C. § 1166(a)(2). The plan administrator then has fourteen (14) days to offer the employee elective coverage notice. 29 U.S.C. § 1166(c).

45.

Plaintiff's termination and the termination of Plaintiff's health & dental coverage and termination of employment were qualifying events under COBRA.

46.

In violation of COBRA, Defendant failed to provide qualifying event notice to BlueCross, as well as COBRA elective coverage notice to covered Plaintiff. Defendant also failed to offer continued coverage under Defendant's group health and dental plans.

47.

Each COBRA violation with respect to a qualified plan participant and beneficiary is subject to a maximum statutory penalty of $110 per day, plus other damages and attorney's fees.

48.

As a result of Defendant's unlawful actions, Plaintiff suffered damages, including lack of health insurance benefits, medical bills, reduced medical coverage/treatment options, government penalties, etc.

49.

Had Defendant given the appropriate notices, Plaintiff would not have gone without health and dental insurance and would not have incurred medical expenses

associated with, but not limited to, the serious automobile accident that Plaintiff was involved in on May 7, 2017.

50.

Plaintiff seeks appropriate statutory penalties, costs, and taxes, up to the maximum allowed by law, including, but not limited to, prejudgment interest, attorney's fees, and any and all such relief assessed by this Court. See 29 U.S.C. § 1132(g)(1).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a.  A trial by jury, pursuant to Federal Rule of Civil Procedure 38(b);

b.  Find that Defendant is liable to Plaintiff for its FLSA violations in the amount of her unpaid wages/overtime, and an additional amount as liquidated damages;

c.  Find that Defendant is liable to Plaintiff for its Section 1981 retaliation for punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay and further relief appropriate under law and in an amount to be determined at trial;

15

d. Find that Defendant is liable to Plaintiff for its COBRA violations in the amount of Plaintiff's medical expenses, statutory penalties, and other appropriate remedies allowed under the law;

e. Award Plaintiff her reasonable attorneys' fees and expenses of litigation; and

f. Any and other such relief that this Honorable Court of the Finder of Fact deems equitable and just.

This 18th day of September, 2017.

Respectfully submitted,

By:   /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Julie Burke
      Georgia State Bar No. 448095
      Email: drk@hkw-law.com
             jb@hkw-law.com
      *Attorneys for Plaintiffs*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358

## <u>CERTIFICATION UNDER L.R. 7.1D</u>

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiffs hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 18th day of September, 2017.

Respectfully submitted,

By:   /s/ Douglas R. Kertscher
Douglas R. Kertscher
Georgia State Bar No. 416265
Email: drk@hkw-law.com
*Attorney for Plaintiffs*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358