# Exhibit A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into by and between Katrina Maxwell ("Maxwell" or "Plaintiff") and Poag Shopping Centers, LLC ("Poag" or "Defendant") ("Plaintiff" and "Defendant" together the "Parties").

**WHEREAS**, Plaintiff is a former employee of Defendant;

**WHEREAS**, Plaintiff filed a Complaint alleging violation of the Fair Labor Standards Act ("FLSA") against Defendant (the "FLSA Claim") in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-03609-TWT (the "Lawsuit");

**WHEREAS**, the Parties desire to fully and finally settle and resolve any and all matters between them, arising out of or in any way relating to the FLSA Claim in the Lawsuit;

**WHEREFORE**, in consideration of the mutual promises contained herein, the Parties agree as follows:

1. Plaintiff and Defendant agree to jointly file as soon as practicable in the District Court all necessary documents required to obtain Court approval of this Agreement and dismiss the FLSA Claim with prejudice. Except to the extent addressed in this Agreement, each party will bear its own attorneys' fees and costs with respect to the FLSA Claim. In exchange for Plaintiff's dismissal of the FLSA Claim with prejudice and the release of claims below, Defendant, among other good and valuable consideration, agrees to pay the settlement benefit in the manner set forth in Paragraph 2 below.

2. Defendant agrees to pay a settlement benefit in the total amount of EIGHT THOUSAND FOUR HUNDRED TWENTY-TWO DOLLARS AND NINETY CENTS ($8,422.90), payable as follows:

   (i) by check to "Katrina Maxwell" in the amount of Three Thousand Four Hundred Twenty-Two Dollars and Ninety Cents ($3,422.90), less all applicable deductions and withholdings required by law, representing alleged unpaid overtime wages, for which a Form W-2 shall issue; and

   (ii) by check to "Hill, Kertscher & Wharton, LLP" in the amount of Five Thousand Dollars and Zero Cents ($5,000.00), representing alleged attorneys' fees, for which a Form 1099 shall issue.

The payments set forth in Paragraphs 2(i) and (ii) will be made with fifteen (15) days after the Court approves this Agreement; provided, however, that in no event shall such payments be due less than ninety (90) days after both Parties have executed this Agreement. Plaintiff is responsible for payment of all applicable taxes, if any, and agrees to indemnify Defendant for any tax liability that may arise in connection with or relating to the manner or amount in which Plaintiff satisfies her obligation to pay taxes, if any.

Plaintiff acknowledges that, in the absence of her execution of this Agreement, she would have no entitlement to the settlement payments set forth in this Paragraph, that the settlement

payments constitute a substantial economic benefit to her, and that the settlement payments constitute good and valuable consideration for this Agreement.

3. This Agreement does not constitute an admission by Defendant of any wrongdoing or of a violation of any state or federal law. Defendant expressly denies any liability of any kind to Plaintiff, and particularly any liability arising out of or in any way relating to her former employment and/or the Lawsuit.

In the event the Court does not approve this Agreement, the Parties shall have no rights and/or obligations under this Agreement, which will be null and void, and the Parties will retain all rights and defenses in the Lawsuit. Further, the Parties acknowledge and agree that in such event, the Parties will be precluded from offering this Agreement in evidence in the Lawsuit for any purpose, including but not limited to attempting to prove liability.

4. To the extent allowed by applicable law, the Parties acknowledge that this Agreement may be specifically enforced in a court of law or equity and may be used as evidence in a subsequent proceeding in which any party alleges a breach of this Agreement, as provided by all applicable evidentiary rules and standards.

5. Plaintiff acknowledges that she has received all monetary compensation, including hourly wages, salary, and/or overtime compensation, to which she believes she is entitled under the FLSA and/or any other law or regulation.

6. Plaintiff hereby waives, releases, and discharges Defendant and its past and present parents, subsidiaries, and divisions, and their respective past and present stockholders, directors, officers, employees, agents, and insurers (collectively, the "Released Parties"), from any and all claims, demands, damages, and causes of action ("Claims"), of every kind and nature, whether known or unknown, or suspected or unsuspected, which Plaintiff has or may have, or brought or could have brought, under the FLSA and any other federal, state, county, or local law governing or relating to the payment of wages, including but not limited to the FLSA Claim in the Lawsuit.

7. Plaintiff understands and agrees that this Agreement will be binding on her and her spouse, heirs, executors, administrators, successors, and assigns.

8. Plaintiff acknowledges she has carefully read and fully understands all of the provisions of this Agreement, and that she knows and understands the rights she is waiving by signing this Agreement.

9. The provisions of this Agreement are fully severable. Therefore, if any provision of this Agreement is for any reason determined to be invalid or unenforceable, such invalidity or unenforceability will not affect the validity or enforceability of the remaining provisions.

10. This Agreement constitutes the sole and entire agreement between Plaintiff and Defendant with respect to the subjects addressed in it, and supersedes all prior or contemporaneous agreements, understandings, and representations, oral and written, with respect to those subjects.

11. No waiver, modification, or amendment of any of the provisions of this Agreement shall be valid and enforceable unless in writing and executed by Plaintiff and Defendant.

12. This Agreement and any amendments hereto shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to conflicts of law principles.

KATRINA MAXWELL
Date: 2/13/2018

POAG SHOPPING CENTERS, LLC
By: _____
Date: 2-15-2018